## COFFIN *v.* MITCHELL.

PARTNERSHIP.—*Sale of Partner's Interest to His Copartners.*—*Partnership Debts.*
One of a firm composed of two partners sold his interest in the partnership to
his copartner, the contract of sale not containing any provision that the buyer
should pay the debts of the firm, or that the seller should receive any certain
sum, but it being stipulated in said contract that the seller was to be paid in
notes and accounts belonging to the firm, and for any excess due him over and
above said notes and accounts the buyer was to execute his promissory notes
to the seller.

*Held,* in an action by the seller against the buyer for the failure of the latter to
perform his part of the contract, that the facts that, at the time of the sale, the
firm was indebted in a sum greater than its entire assets, and that said indebt-
edness had been paid by the defendant, constituted a good defense.

APPEAL from the Floyd Common Pleas.

PETTIT, C. J.—The appellee has not furnished us with a
brief or his views of the questions which arise in the record.

The complaint alleges, in substance, that on the 31st day
of July, 1866, Mitchell and Coffin were partners in the whole-
sale notion business, selling and doing business from ped-
dling wagons, under the name of "F. A. Mitchell & Co.";
that on said day Mitchell sold to Coffin his interest, being
one-half, in said firm, the whole assets of the firm amount-
ing to eleven thousand eight hundred and twenty-six dollars,
and Mitchell's one-half being five thousand nine hundred
and thirteen dollars; that Mitchell had performed his part,
but Coffin had failed on his part; and demands judgment for
six thousand dollars. The contract of sale is in writing,
dated July 31st, 1866, and states that Mitchell is to be paid
in notes and accounts that Mitchell may have made for the
firm in selling goods; and any excess due him over and above
the notes and accounts was to be paid in Coffin's notes at
six and twelve months.

Coffin answered in five paragraphs; demurrers were sus-
tained to the third, fourth, and fifth, separately, and these
rulings of the court are assigned for error.

The third paragraph of the answer avers, that at the time

of the sale, the firm of F. A. Mitchell & Co. was indebted in the sum of fifteen thousand dollars, all of which the defendant, Coffin, has fully paid.

This answer was a good and full defense to the action, and the court erred in sustaining a demurrer to it. The contract of sale did not stipulate that Coffin was to pay the firm debts, or that Mitchell should be paid a certain sum, but that what was coming to him should be paid in the notes and accounts of the firm, &c. It was the duty, as well as the legal liability, of the firm and of the partners to pay the firm debts first, and if this required more means than all the assets, there was not, and could not be anything going to Mitchell.

The fourth paragraph of the answer sets up, in substance, the same defense as the third; that is, that the debts of the partnership were larger than the assets; and that Coffin paid all of the debts; and asks an account and judgment against Mitchell for the one-half of the amount of the debts which he has paid over the assets in his hands. But it further alleges, that at the time of the written contract of sale by Mitchell to Coffin, there was a further, or verbal, contract, agreement, and understanding, by and between the partners, that Coffin was to take all the assets and pay the debts of the firm, and if anything was due Mitchell after this was done, it should be paid as provided by the contract of sale, in notes, accounts, &c.

This paragraph is good in substance, for the same reasons that the third paragraph is held good, and a demurrer ought not to have been sustained to it; though that part of it which sets up a contract differing from the written one, but made at the same time, might have been stricken out on motion, as irrelevant.

The fifth paragraph sets up the original agreement of partnership, dated March 8th, 1866, whereby Mitchell was to invest six thousand dollars, and Coffin was to invest five thousand dollars, in said firm. Mitchell was to take and control the sale of the goods; Coffin was to purchase the goods; Mitchell was to have five-ninths, and Coffin four-ninths of the

profits; and it avers that Mitchell did not furnish all of his capital stock, but lacked thirty-nine hundred dollars; that subsequently an additional or supplemental agreement was entered into in writing, by which Mitchell insured Coffin against loss in the firm business, and guaranteed to him the return of all the money he should invest in said business and ten per cent. per annum thereon; that Coffin paid in eight thousand dollars, and Mitchell did not pay in his six thousand dollars; that the sale of the goods was wholly left to Mitchell; that at and before the sale by Mitchell to Coffin, of July 31st, 1866, Mitchell *fraudulently* represented to Coffin, "that they had realized large profits, and that the assets of the firm, including accounts for goods sold, were twenty thousand dollars;" that relying upon these representations and beliving them to be true, Coffin made the contract of July 31, 1866, and received the assets of the firm, of twelve thousand dollars; that at the same time the firm liabilities were sixteen thousand dollars; and that Coffin paid all of the liabilities, leaving a balance in his favor of four thousand four hundred dollars. A set-off was asked, and judgment for the residue.

Here was a charge of fraud upon a matter of fact, or matters of fact, peculiarly and exclusively within the knowledge of the person upon whom the fraud was charged, together with the other showings, that the assets were not equal to the debts of the firm, which Coffin had paid, as it was his duty to pay, before Mitchell could by law, right, or justice, claim the proceeds of any part of them.

The court erred in sustaining a demurrer to this paragraph of the answer. It is not, in our opinion, necessary to notice the subsequent parts of, or rulings in, the record; for if the court had ruled properly on these paragraphs of the answer, they ought not, and probably would not, have been made; and hence we hold that they do not properly arise in the record.

The judgment is reversed, at the costs of the appellee; cause remanded, with instructions to the court below to over-

rule the demurrers to the third, fourth, and fifth paragraphs of the answer, and for further proceedings.

*W. Q. Gresham, J. H. Butler, J. H. Stotsenburg,* and *T. M. Brown,* for appellant.

*G. V. Howk, A. Dowling,* and *J. S. Davis,* for appellee.